UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUANG CHEN,

    Plaintiff,

v.                                                                CASE NO. 8:18-cv-2458-T-23AAS

SARASOTA COUNTY SCHOOL
BOARD,

    Defendant.
_____/

**ORDER**

    Appearing *pro se*, Guang Chen sues (Doc. 1) the Sarasota County School Board for racial discrimination in violation of both Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act of 1992. The complaint alleges that the Board discriminated against Chen by firing Chen during Chen's probationary employment and by terminating a contract between the Board and JD Global, an entity that Chen owns. Although Chen filed two charges with the United States Equal Opportunity Commission (EEOC), Chen fails to attach either charge to the complaint but attaches the "right-to-sue" letters. Moving to dismiss (Doc. 9) the complaint, the Board argues that the claims are untimely, that Chen cannot represent JD Global, and that the complaint impermissibly intermingles the claims asserted by Chen and JD Global.

## BACKGROUND

The complaint alleges these facts, which are presumed true in evaluating the motion to dismiss. Chen, an Asian-American, owns JD Global, a Florida entity, which contracted with the Board to provide "supplemental educational services." (Doc. 1 at ¶ 20) In July 2011, Jane Mahler, a Board employee, discovered that Chen temporarily cancelled JD Global's worker's compensation insurance. (Doc. 1 at ¶ 21) A July 20, 2011 email from Mahler to Chen states that, because the contract required JD Global to maintain workers' compensation insurance, the Board had terminated JD Global's contract and would "entertain no further discussion." (Doc. 1 at ¶ 21) The next day, Chen went to Mahler's office to discuss the contract termination. Mahler refused to meet with Chen and, at Mahler's request, a police officer escorted Chen from Mahler's office. (Doc. 1 at ¶ 22)

In a July 25, 2011 letter to the Board, Chen complained that Mahler relied on the insurance requirement as a pretext to terminate JD Global's contract. (Doc. 1 at ¶ 23) Chen asserts that the termination of the contract required Mahler to "manipulate[] non-existing contract terms," which purportedly constitutes discrimination on the basis of race. (Doc. 1 at ¶ 23)

Four weeks later, the Board "reinstated" JD Global's contract. (Doc. 1 at ¶¶ 26–27) Allegedly in retaliation for Chen's complaining about discrimination, Mahler refused to assign any students to JD Global, despite other school boards' assigning students to JD Global and the Florida Department of Education's awarding JD Global an "excellent" service designation. (Doc. 1 at ¶ 28) Chen "did not take any

further action" to complain that Mahler's refused to assign students to JD Global because Chen feared more, unspecified retaliation. (Doc. 1 at ¶ 28)

In November 2014, the Board hired Chen as a data analyst. (Doc. 1 at ¶ 29) Chen's hiring, however, was probationary and the Board could fire Chen without cause. (Doc. 1 at ¶¶ 29, 34) After learning that the Board had hired Chen, Mahler allegedly told Chen's co-workers about Chen's 2011 discrimination complaint. (Doc. 1 at ¶ 32) After Mahler's disclosure, Chen's co-workers adopted "cold attitudes" and called Chen "Chin," "Ching," "ChingChong," and "Chinaman." (Doc. 1 at ¶ 33) On January 20, 2015, during the probationary period, Mahler "influenced" a Board member to fire Chen. (Doc. 1 at ¶ 34) Chen appealed his firing to the Board, which appeal concluded on March 19, 2015, without the Board reinstating Chen's employment. (Doc. 1 at ¶ 36)

In April 2015, Chen created a grant application for JD Global. (Doc. 1 at ¶ 45) Later in 2015, the principal of North Port High School wrote a letter to Chen, which stated that the school had entered a "partnership" with JD Global to support JD Global's grant application. (Doc. 1 at ¶ 46) On August 4, 2018, the principal terminated the partnership after the Board allegedly informed the principal of Chen's 2011 discrimination complaint.

On April 29, 2015, JD Global applied to the Florida Department of Education for a grant, but the application was denied. (Doc. 1 at ¶ 12) On April 21, 2016, JD Global appealed the denial to the U.S. Department of Education. (Doc. 1 at ¶ 13) In the appeal, JD Global alleged that the Florida Department of Education manipulated

evidence and denied the grant based on Chen's race. In a July 20, 2016 "order governing proceedings" the U.S. Department of Education allegedly "directed" Chen to file with the Office for Civil Rights a discrimination charge against the Florida Department of Education.[1] (Doc. 1 at ¶ 15) On January 23, 2018, Chen filed a charge with the Office for Civil Rights, and in May 2018, the Office for Civil Rights "referred" the charge with the EEOC. (Doc. 1 at ¶ 15) Chen received from the EEOC a "Dismissal and Notice of Suit Rights" on July 11, 2018, and on July 28, 2018. Each notice stated that the EEOC was unable "to conclude that the information obtained establishes violations of the statutes." (Docs. 1-4, 1-5) Neither notice states that the charge was untimely and each notice states that the "lawsuit must be filed within 90 days of . . . receipt of this notice; or [the] right to sue based on this charge will be lost." (Docs. 1-4, 1-5) Eighty-five days after receiving the July 11, 2018 notice, Chen sued (Doc. 1) the Board.

## DISCUSSION

**Failure to exhaust administrative remedies**

Before suing under Title VII, a plaintiff must exhaust administrative remedies by filing a discrimination charge with the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). In a "deferral state," such as Florida, a plaintiff must file a charge with the EEOC no more than 300 days after the last "discriminatory act." *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir.

---

[1] Although the U.S. Department of Education allegedly "directed" Chen to file a discrimination charge, the attached order governing proceedings merely states in a footnote that "to allege violations of Title VII . . . , the appellant may file a complaint with the Department's Office for Civil Rights." (Doc. 1-3 at n. 2)

2002) (citing 42 U.S.C. § 2000e-5(e)). Similarly, a plaintiff suing under the Florida Civil Rights Act must file a charge with the EEOC no more than 365 days after the last discriminatory act. Fla. Stat. § 760.11(1). If the plaintiff receives from the EEOC a "right-to-sue" notice, the plaintiff must sue within ninety days. *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999).

Chen's allegations show that Chen and JD Global's claims are time-barred. Chen allegedly suffered discrimination between 2011 and 2013, when Mahler cancelled JD Global's contract and refused to assign students to JD Global. And Chen allegedly suffered discrimination on January 20, 2015, the day on which the Board fired Chen. To timely sue for the last discriminatory act — his firing — Chen needed to file a charge with the EEOC before January 21, 2016. However, Chen failed to file a charge with the Office of Civil Rights until January 23, 2018, which referred the charge to the EEOC in May 2018. Even if filing a charge with the Office of Civil Rrights constitutes filing a charge with the EEOC, Chen filed the charge 1099 days after the Board fired Chen.

Chen argues that he suffered retaliation later than January 20, 2015, because the Board on August 4, 2015, "negatively influenced" the principal of North Port High School to end a grant "partnership" with JD Global. (Doc. 11 at 4) Even if the Board's "negative influence" violates Title VII, Chen filed the charge 903 days after the alleged violation.

Chen argues that, because both of the "right-to-sue" notices state that Chen must sue within ninety days and because neither notice states that the charge was untimely, Chen must have timely filed each charge. If "the allegations in the

complaint indicate that a timely claim was not filed, the agency's boilerplate statement to the contrary . . . does not effect a valid dispensation of the statutory requirement." *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1017 (1st Cir. 1989). Chen's allegations show that Chen failed to file timely a charge with the EEOC.

Also, Chen argues that, because he sued within ninety days of receiving the EEOC's determination, the action is timely. The argument lacks merit. The requirement to sue within ninety days is a necessary — not a sufficient — condition to exhausting administrative remedies. *Joe's Stone Crabs*, 296 F.3d at 1271 ("[O]nly those claims arising within 300 days prior to the filing of the EEOC's discrimination charge are actionable").

Finally, Chen argues that under 42 U.S.C. § 1981, an employee has four years within which to sue an employer for racial discrimination. Although a plaintiff must sue under Section 1981 within four years of the alleged discrimination, Chen and JD Global assert claims under Title VII and the Florida Civil Rights Act — not Section 1981. (*See* Doc. 1 at ¶¶ 47–48) Because Chen failed to file timely a charge with the EEOC, Chen failed to exhaust administrative remedies.[2]

**An entity unrepresented by counsel**

Chen, appearing *pro se*, purports to represent JD Global. Under Local Rule 2.03(e), a "corporation may appear and be heard only through counsel." *Palazzo v.*

---

[2] Although Chen on April 21, 2016, appealed to the U.S. Department of Education the Florida Department of Education's decision to deny JD Global's grant application, the filing of an appeal is not the filing of a charge with the EEOC. Also, the complaint contains no allegation that the Board or the school was a party to the appeal. Even if the April 21, 2016 appeal satisfies the filing requirement, Chen failed to file timely because Chen appealed more than 365 days after the last discriminatory act.

*Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("[a] corporation is an artificial entity that . . . cannot appear *pro se* . . . and must be represented by counsel . . . even when the person seeking to represent the corporation is its president and major shareholder.") Because JD Global remains unrepresented by counsel, JD Global cannot "be heard" and therefore cannot assert a claim.

Trying to resolve the "representation issue," Chen moves (Doc. 11) for appointed counsel to represent JD Global. Although a Title VII plaintiff has no right to appointed counsel, 42 U.S.C. § 2000e–5(f)(1) authorizes appointment "in such circumstances as the court may deem just." A federal district court "may consider, inter alia, the merits of the complainant's claims." *Hunter*, 846 F.2d at 1317. Chen's and JD Global's claims have no merit because Chen's allegations show that the claims are time-barred. Thus, the motion (Doc. 11) to appoint counsel is denied.

**Intermingled Claims**

The complaint contains two counts, both of which allege violations of Title VII and the Florida Civil Rights Act. Because each count intermingles claims asserted by Chen and JD Global and asserts violations of both Title VII and the Florida Civil Rights Act, the complaint fails to "give the defendant[] adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The complaint's impermissible intermingling of claims requires dismissal. *Bickerstaff Clay Prods. Co. v. Harris Cty.*, 89 F.3d 1481, 1485 n.4 (11th Cir.1996) ("The complaint is a typical

shotgun pleading, in that some of the counts present more than one discrete claim for relief.")

The Board's motion to dismiss (Doc. 9) is **GRANTED**, the motion (Doc. 10) to appoint counsel is **DENIED**, and the complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. No later than **MARCH 21, 2019**, Chen may amend the complaint. In addition to remedying the other deficiencies identified in this order, an amended complaint (1) must remove claims by JD Global unless JD Global retains counsel, (2) must assert no new claim or add a new party without permission, and (3) must assert only one claim in each count. Chen must attach to an amended complaint a copy of both charges filed with the EEOC. An order will dismiss without further notice an amended complaint that fails to comply.

Chen is again reminded that litigation in federal court is difficult and requires strict compliance with applicable rules, including the Federal Rules of Civil Procedure and the Local Rules. The court cannot assist a party, even a *pro se* party, in conducting a case. Therefore, Chen is strongly advised — before amending the complaint — to obtain legal advice and assistance from a member of The Florida Bar.

ORDERED in Tampa, Florida, on March 1, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE