UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUANG CHEN,

      Plaintiff,

v.                                CASE NO. 8:18-cv-2458-T-23AAS

SARASOTA COUNTY
SCHOOL BOARD,

      Defendant.

_____/

## ORDER

The Board moves (Doc. 9) to dismiss Guang Chen's amended complaint
(Doc. 22) for failure to comply with a March 1, 2019 order (Doc. 17), which requires
Chen to obtain permission before asserting a new claim. Chen opposes (Doc. 24).

In October 2018, Guang Chen, appearing *pro se*, sued (Doc. 1) the Sarasota
County School Board under Title VII of the Civil Rights Act and under the Florida
Civil Rights Act. The Board moved (Doc. 9) to dismiss and argued that Chen failed
to file a timely charge with the EEOC. A March 1, 2019 order (Doc. 17) grants the
Board's motion to dismiss and permits Chen to amend the complaint to allege facts
showing that Chen filed a timely charge with the EEOC. The March 1 order states
that an amended complaint "must assert no new claim or add a new party without
permission" and that "an order will dismiss without further notice an amended
complaint that fails to comply." (Doc. 17 at 8)

Chen amends (Doc. 22) the complaint and without requesting permission replaces the Title VII claim and the Florida Civil Rights Act claim with four new claims: a claim under 42 U.S.C. § 1983, two claims under 42 U.S.C. § 1981, and a claim for intentional infliction of emotional distress. Chen never requested permission to assert the new claims. And, although Chen removes the Title VII claim and the Florida Civil Rights Act claim, Chen asserts that the new allegations in the amended complaint warrant reconsideration of the March 1, 2019 order's dismissing the claims as untimely.

### Title VII and the Florida Civil Rights Act

Chen contends that the following allegations in the amended complaint warrant reinstatement of the Title VII claim and the Florida Civil Rights Act claim. In November 2014, the Board hired Chen as a data analyst, and in January 20, 2015, the Board allegedly fired Chen based on race and in retaliation for complaining about discrimination. (Doc. 22 at ¶¶ 45, 53) In April 2015, Chen applied to the Florida Department of Education to receive a grant for JD Global, a company owned by Chen that provides "supplemental educational services" to students within the Sarasota County school system. (Doc. 22 at ¶ 67) The Florida Department of Education denied the application, and on April 21, 2016, Chen appealed the denial to the U.S. Department of Education. (Doc. 22 at ¶ 14) In the appeal, Chen asserted that based on Chen's race (1) the Florida Department of Education denied the grant application, (2) the Board terminated JD Global's contract, and (3) the Board fired

Chen.  (Doc. 22 at ¶ 27)  On January 23, 2018, Chen filed a charge with the OCR, and in May 2018 the OCR "referred" the charge to the EEOC.  (Doc. 22 at ¶ 26)  In July 2018 Chen received a "Dismissal and Notice of Suit Rights" from the EEOC.  Chen sued (Doc. 1) the Board eighty-five days later.

Title VII of the Civil Rights Act prohibits an employer from discriminating against an employee based on race and requires an employee in a "deferral state," such as Florida, to file a charge with the EEOC no later than 300 days after the last discriminatory employment action.  *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1271 (11th Cir. 2002).  Similarly, an employee suing under the Florida Civil Rights Act must file a charge with the EEOC no later than 365 days after the last discriminatory employment action.  To sue timely for the alleged discriminatory employment action — his January 20, 2015 firing — Chen needed to file a charge with the EEOC no later than January 20, 2016.  Chen failed to file a charge with the EEOC until January 23, 2018 — 734 days late.

Chen contends that his appeal to the U.S. Department of Education satisfies the requirement to file a charge with the EEOC.  But appealing the Florida Department of Education's refusal to award a grant to Chen's corporation cannot constitute the filing of a charge both with the EEOC and against the Board.  Even if Chen's appeal to the U.S. Department of Education (somehow) constitutes the filing of a charge with the EEOC, the "charge" is untimely because Chen appealed more than 365 days after Chen's firing.

- 3 -

Also, Chen contends that he suffered an adverse employment action on October 30, 2015, the day the Board "negative[ly] influenced" the Florida Department of Education to deny JD Global's grant application. But "negative influence" against a corporation cannot constitute an "adverse employment action" against an employee. Chen alleges no facts in the amended complaint warranting reinstatement of either the Title VII or the Florida Civil Rights Act claim.

**New Claims**

In the amended complaint, Chen asserts a new claim under 42 U.S.C. § 1983, two new claims under 42 U.S.C. § 1981, and a new claim for intentional infliction of emotional distress. Because the March 1 order requires Chen to obtain permission before asserting a new claim and because Chen never requested permission before amending the complaint, the Board moves (Doc. 23) to dismiss under Rule 41(b), Federal Rules of Civil Procedure.

Chen erroneously contends (Doc. 24) that the March 1 order permits Chen to assert a claim under Section 1981 and 1983. Although the March 1 order explains that Section 1981's four-year statutory limitation is inapplicable to a Title VII claim, an explanation of the applicable statutory limitation is not "permission and direction" to assert a new claim under Section 1981. Also, Chen erroneously contends that, because the original complaint requested damages for emotional distress, the claim for intentional infliction of emotional distress is not a "new claim."

- 4 -

An item of damages in the prayer for relief is not a claim, and the original complaint asserts no claim for intentional infliction of emotional distress.

Although Chen contravenes the March 1 order's requirement to obtain permission before asserting a new claim, the Federal Rules of Civil Procedure prefer resolution on the merits.  In this circumstance, the motion to dismiss (Doc. 23) for failure to comply with the March 1 order is **DENIED**.  No later than **JUNE 24, 2019**, the Board must respond to the amended complaint.   Also, because the parties timely submit (Doc. 26) a case management report, the motion (Doc. 25) to extend the time within which to submit a case management report is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on June 5, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE