UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


GUANG CHEN,

     Plaintiff,

v.                                 CASE NO. 8:18-cv-2458-T-23AAS

SARASOTA COUNTY SCHOOL BOARD
FLORIDA,

     Defendant.

_____/


## ORDER

Guang Chen, appearing *pro se*, claims that the School Board of Sarasota County, Florida, refused to assign students to Chen's tutoring company, JD Global LLC, and later fired Chen for complaining about discrimination against JD Global. Chen's original complaint asserted a claim under Title VII of the Civil Rights Act and a claim under the Florida Civil Rights Act (FCRA). After an order (Doc. 17) dismissed the original complaint for failure to timely exhaust the administrative remedy, Chen amended the complaint and replaced the Title VII claim and the FCRA claim with two claims under Section 1981, a claim under Section 1983, and a claim under Florida law for intentional infliction of emotional distress. The School Board moves (Doc. 29) to dismiss the amended complaint both as time-barred and for failure to state a claim. Also, Chen moves (Doc. 31) for leave to amend the

complaint to assert an individual-capacity claim against Denise Cantalupo, the supervisor who fired Chen.  The School Board opposes (Doc. 34) amendment.

## BACKGROUND

The following factual allegations of the amended complaint are presumed true in resolving the School Board's motion to dismiss.  Chen, an Asian-American, owns JD Global, which contracted with the School Board to provide tutoring services to students within the Sarasota County School System.  (Doc. 22 at ¶¶ 3–4)  In July 2011, Jane Mahler, an employee of the School Board, terminated JD Global's contract because of a lapse in JD Global's workers' compensation insurance. (Doc. 22 at ¶ 34)

In a July 25, 2011 letter to the School Board, Chen complained that Mahler used the insurance requirement as a pretext to discriminate against Chen based on race.  (Doc. 22 at ¶ 34)  On August 23, 2011, the Director of Academic Intervention Programs re-instated JD Global's contract after determining that no lapse of insurance had occurred.  (Doc. 22 at ¶ 42)  Allegedly in retaliation for Chen's complaining about discrimination, Mahler refused to assign students to JD Global despite other School Boards' assigning students to JD Global and despite the Florida Department of Education's awarding JD Global an "excellent" service designation. (Doc. 22 at ¶¶ 42–44)  Chen "did not take any further action" to complain because Chen feared more retaliation from Mahler.  (Doc. 22 at ¶ 44)

In November 2014, Denise Cantalupo, an employee of the School Board, hired Chen as a data analyst.  (Doc. 22 at ¶ 45)  Although Chen's employment was subject to a probationary period during which Cantalupo could fire Chen "without cause," Cantalupo assured Chen that probationary firing rarely occurs.  (Doc. 22 at ¶ 57)  Soon after Cantalupo hired Chen, Mahler allegedly told Cantalupo and Chen's co-workers about Chen's 2011 discrimination complaint.  (Doc. 22 at ¶ 73)  After Mahler's disclosure, unnamed co-workers adopted "cold attitudes" and allegedly called Chen "Chin," "Ching," "ChingChong," and "Chinaman."  (Doc. 22 at ¶ 73)  On January 20, 2015, Cantalupo fired Chen and explains in Chen's termination paperwork that Chen does "not fit here."  (Doc. 22 at ¶ 78)  Chen appealed his firing to the human resources department, which ultimately upheld Cantalupo's determination.

Three months later, JD Global applied for a grant from the Florida Department of Education.  (Doc. 22 at ¶ 14)  On October 30, 2015, the Florida Department of Education denied the application after receiving unspecified "negative influence" from unnamed employees of the School Board.  (Doc. 22 at ¶ 15)  On April 21, 2016, JD Global appealed the denial to the U.S. Department of Education.  (Doc. 22 at ¶ 15)  In the appeal, JD Global alleged that the Florida Department of Education denied the grant by relying on an unspecified, discriminatory "pretext" supplied by the School Board.  (Doc. 22 at ¶ 70)  The appeal pends before the U.S. Department of Education.

On January 23, 2018 — 1,099 days after the School Board fired Chen and 816 days after the Florida Department of Education denied JD Global's grant — Chen filed a discrimination charge with the U.S. Department of Education's Office for Civil Rights, which later referred the charge to the Equal Employment Opportunity Commission (EEOC).  As two orders (Docs. 17, 27) observe, because Chen failed to file a timely discrimination charge, Chen failed to timely exhaust the administrative remedy necessary to sue under Title VII and the FCRA.  Attempting to avoid the dismissal of this action as time-barred, Chen replaces the claims under Title VII and the FCRA with claims under Section 1981 and Section 1983.

## MOTION TO DISMISS

Moving to dismiss, the School Board argues primarily that the Section 1981 and Section 1983 claims — asserted in the amended complaint after expiration of the four-year statutory limitation — are untimely and cannot "relate back" to the untimely Title VII and FCRA claims in the original complaint.  Also, the School Board argues that — regardless of timeliness — the amended complaint warrants dismissal because (1) Chen cannot assert claims on behalf of JD Global (an unrepresented entity), (2) Chen cannot sue the School Board (a state entity) under Section 1981, (3) Chen alleges no facts showing that the discrimination resulted from an official act of the School Board, (4) Chen alleges no facts showing disparate treatment or retaliation, and (5) sovereign immunity bars the claim for intentional infliction of emotional distress.

## I.      The statutory limitation

Unlike Title VII, which requires a plaintiff to exhaust the administrative remedy by filing an EEOC charge within 300 days after the alleged discrimination, Section 1981 and Section 1983 are subject to a four-year statutory limitation.  *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008).  Because Chen's firing occurred on January 20, 2015, the statutory limitation expired on January 20, 2019. Although Chen sued under Title VII and the FCRA before January 20, 2019, Chen amended the complaint on April 19, 2019 — three months after expiration of the four-year statutory limitation.

The School Board argues both that the Section 1981 and Section 1983 claims are untimely and that the claims cannot "relate back" to the "untimely" Title VII and FCRA claims in the original complaint.  Under Rule 15(c)(1)(B), Federal Rules of Civil Procedure, a claim in an amended complaint "relates back" to an earlier complaint if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading[.]"  Although Rule 15(c)(1)(B) contains no express requirement that an earlier pleading assert a timely claim, an amendment relates back to an earlier pleading only if the earlier pleading asserted a timely claim arising out of the same transaction or occurrence.  *Walker v. Fulton Cnty. Sch. Dist.*, 624 F. App'x 683, 685–86 (11th Cir. Aug. 13, 2015) (citing *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010)); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("In order to benefit

from [Rule 15(c)'s] 'relation back doctrine,' the original complaint must have been timely filed."); *Jones v. Motley*, 2009 WL 145829, at *4 (E.D. Ky. May 26, 2009) ("[I]t is axiomatic that in order to amend, the party seeking to amend must have a timely pleading already on file.").

Because Chen failed to timely file a charge with the EEOC, the Title VII claims in the original complaint were untimely.  And because the original complaint asserted no timely claim, the Section 1981 and Section 1983 claims in the amended complaint cannot "relate back" to the original complaint.  The Section 1981 and Section 1983 claims — asserted after the four-year statutory limitation — warrant dismissal as time-barred.[1]  *Brown v. Envt'l Restoration LLC*, 2002 WL 206621, at *3 (N.D. Ill. Feb. 11, 2002) (holding that a Section 1981 claim cannot relate back to an untimely Title VII claim); *Washington v. Potter*, 2010 WL 2635647, at *4 (N.D. Ga.

---

[1] Resisting this conclusion, Chen notes that the School Board moved to dismiss the Title VII and FCRA claims before the four-year statutory limitation expired and that an order granted the motion to dismiss after the four-year statutory limitation expired. Chen contends that the Section 1981 and Section 1983 claims are "tolled" when Chen awaited resolution of the motion to dismiss. In other words, Chen argues that the School Board's placing Chen on notice about the untimeliness of the Title VII and FCRA claims entitles Chen (somehow) to an extension of the statutory limitation.

The School Board moved to dismiss the Title VII and FCRA claims as untimely more than three months before the expiration of the statutory limitation to sue under Section 1981 and Section 1983. Instead of permissively amending the complaint under Rule 15(a)(1)(B) or moving for leave to amend the complaint under Rule 15(a)(1)(2), Chen "doubled down" by maintaining that the Title VII and FCRA claims remained timely even though Chen filed a charge  more than 1,000 days after Chen's termination. Chen's *pro se* status and lack of familiarity with the Federal Rules of Civil Procedure excuses neither Chen's failure to assert a Section 1981 or Section 1983 claim in the original complaint nor Chen's failure to amend the complaint before expiration of the four-year statutory limitation.

- 6 -

Case 8:18-cv-02458-SDM-AAS   Document 46   Filed 01/07/20   Page 7 of 12 PageID 544

Apr. 16, 2010) (finding that a later-asserted claim cannot "relate back" to an untimely Title VII claim.).

## II.     Other defects in the amended complaint

1.     *JD Global remains unrepresented*

Despite admonition, Chen, a non-lawyer appearing *pro se*, purports to claim on behalf of JD Global that the School Board is liable for refusing to assign students to JD Global and for "negatively influencing" the Florida Department of Education to deny JD Global's application for a grant.  The law in the Eleventh Circuit is "well-settled that a corporation is an artificial entity which cannot appear *pro se* in legal proceedings but must be represented by counsel."  *FTC v. GEM Merch. Corp.*, 1995 WL 623168, at *1 (11th Cir. Sept. 1, 1995) (per curiam).  And, although a corporation can sue under Section 1981 and Section 1983, *Webster v. Fulton Cnty., Georgia*, 283 F.3d 1254, 1257 (11th Cir. 2002), the owner of a corporation cannot sue under Section 1981 or Section 1983 for an injury to the corporation — the corporation must assert the claim.  *Mehta v. HCA Health Servs. of Florida, Inc.*, 2005 WL 8160317, at *7 (M.D. Fla. Aug. 9, 2005) (citing *Danco, Inc. v. Wal-Mart Stores, Inc.*, 178 F.3d 8, 14 (1st Cir. 1999) ("Nothing in section 1981 provides a personal claim . . . to one who is merely affiliated — as an owner or employee — with a contracting party that is discriminated against by the company that made the contract.").  The claims under Section 1981 and Section 1983 warrant dismissal to the extent that Chen purports to claim damages for alleged racial discrimination that

- 7 -

caused (1) the termination of JD Global's contract, (2) the failure to assign students to JD Global, and (3) the School Board's "negatively influencing" JD Global's grant application.  These claims are JD Global's — not Chen's — and JD Global cannot assert these claims without counsel.

> 2.    *Chen fails to allege facts showing municipal liability under Section 1983*

Chen claims racial discrimination under Section 1981 (Count I) and retaliation under Sections 1981 (Counts II).  However, Section 1981 provides no cause of action against a state actor, such as the School Board.  *Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008).  Instead, the plaintiff must assert the Section 1981 claim under Section 1983, which creates a cause of action against a state actor who deprives the plaintiff of a federal right.  *Baker*, 531 F.3d at 1337; *Cunningham v. Sch. Bd. of Lake Cnty.*, 2016 WL 1755612, at *3 (M.D. Fla. May 3, 2016) (Moody, J.) (noting that "[c]ourts in the Eleventh Circuit, when faced with Section 1981 claims alleging racial discrimination, convert them into Section 1983 claims.").  Chen's claim for disparate treatment under Section 1981 (Count I) and Chen's claim for discriminatory retaliation under Section 1981 (Count II) must satisfy the requirements for municipal liability under Section 1983.

A plaintiff cannot rely on *respondeat superior* to sue a municipal entity, such as the School Board, under Section 1983.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978).  Rather, "recovery from a municipality is limited to acts . . . 'of the

municipality' — that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986).

To establish that a municipal act deprived the plaintiff of a federal right, the plaintiff must allege facts showing that the deprivation resulted either from the decision of a "final policymaker" or from a subordinate official acting under an official municipal policy or custom.  An official is not a final policymaker if the plaintiff can obtain "meaningful administrative review" of the official's decision. *Morro v. City of Birmingham*, 117 F.3d 508, 510 (11th Cir. 1997).  And a custom exists only if the "final policymakers" of the municipality acquiesce to a longstanding practice that — although not authorized by written law or express municipal policy — is "so permanent and well settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir. 2004) (holding that an isolated or random incident cannot establish a custom).

Chen alleges that two subordinate employees, Mahler and Cantalupo, discriminated against Chen based on race and retaliated against Chen for complaining about discrimination against JD Global.  Although replete with conclusory assertions about the existence of a discriminatory custom, the amended complaint alleges no facts suggesting that Mahler and Cantalupo acted under an official policy or custom of condoning discrimination and retaliation against minority employees.  Because the amended complaint fails to allege facts plausibly

suggesting either (1) that the alleged discrimination resulted from an official policy or custom of the School Board or (2) that Mahler or Cantalupo constitutes a "final policymaker" of the School Board, the amended complaint fails to state a Section 1983 claim.

3.      *Intentional infliction of emotional distress*

The School Board observes correctly — and Chen concedes in response — that sovereign immunity bars Chen's claim for intentional infliction of emotional distress. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1330 (11th Cir. 2015). The claim for intentional infliction of emotional distress (Count IV) warrants dismissal.

## MOTION FOR LEAVE TO ADD A DEFENDANT

After the deadline imposed by the scheduling order, Chen moves (Doc. 31) for leave to sue Cantalupo in her individual capacity under Section 1983. Opposing amendment, the School Board argues (1) that amendment is futile and (2) that Chen fails to explain adequately the excessive delay in moving for leave to add another defendant.

The motion for leave to amend and Chen's proposed amended complaint allege that Cantalupo served as a "conduit" for Mahler's alleged discriminatory animus against Chen. Even if Chen could allege a plausible claim against Cantalupo (which remains doubtful), the four-year statutory limitation bars the claim, and "relation back" is unavailable because the original complaint asserted no timely

- 10 -

claim.  Further, Rule 15(c)(1)(C), Federal Rules of Civil Procedure, permits a claim against a new party to "relate back" only if the new party both "(i) received such notice of the action that [the new party] will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

Chen's motion contains no suggestion that Chen would have sued Cantalupo in the original complaint "but for a mistake concerning" Cantalupo's identity. Rather, Chen admittedly knew about "the relevant facts concerning Dr. Cantalupo" but was reportedly unaware about Cantalupo's potential liability under the "cat's paw" theory.  (Doc. 35 at 5)  Chen's belated discovery of a theory of liability against Cantalupo is not "an instance of mistaken identity but of mistaken legal judgment." *Smith v. Paladino*, 317 F. Supp. 2d 884, 887–88 (W.D. Ark. 2004) (holding that a party's ignorance that a legal theory might subject another defendant to liability "is not the type of 'mistake' encompassed by Rule 15(c)'s relation-back provision.") Because the original complaint was untimely and because Chen's failure to sue Cantalupo in the original complaint did not arise from mistaken identity, "relation back" is unavailable and amendment is futile.[2]

---

[2] Further, Chen provides no explanation for failing to move to sue Cantalupo before expiration of the deadline imposed by the scheduling order.

## CONCLUSION

Chen's motion (Doc. 31) for leave to add Cantalupo as a defendant is

**DENIED**.  Because the Section 1981 and Section 1983 claims are time-barred and

because sovereign immunity bars the emotional-distress claim, the School Board's

motion (Doc. 31) to dismiss is **GRANTED**, and the amended complaint (Doc. 22) is

**DISMISSED WITH PREJUDICE**.  The clerk is directed to terminate the pending

motions and close the case.

ORDERED in Tampa, Florida, on January 7, 2020.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE